UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY B. HOLLEY,

Plaintiff,

FILE NO. 1:06-CV-685

v.

HON. ROBERT HOLMES BELL

JAMES DAWSON, et al.,

Defendants.
_________________________________/

**ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #6). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #7). Also before the Court are Plaintiff's motion to alter judgment (docket #8) and motion to appoint counsel (docket #9).

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

In his complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process by classifying him as "unemployable," refusing to reassign him to a

midnight yard crew rather than a morning crew, and terminating him from his morning yard crew job. He alleges that the denial of work prevents him from obtaining hygienic necessities, subjecting him to conditions violating the Eighth Amendment.

The Magistrate Judge concluded that Plaintiff failed to state a claim on which relief could be granted on both claims. First, the Magistrate Judge rejected the due process claim on the grounds that Plaintiff had no liberty interest in prison employment. Second, the Magistrate Judge found that Plaintiff's allegations of deprivation failed to rise to the level of an Eighth Amendment violation.

In his objections, Plaintiff acknowledges that he has no liberty interest in his prison employment. Nevertheless, he argues that he has a state-created interest under prison regulations that is enforceable under the Fourteenth Amendment. As the Magistrate Judge discussed, in *Sandin v. Hewitt*, 515 U.S. 472, 484 (1995), the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106

(1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. April 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). For the reasons more fully discussed by the Magistrate Judge, Plaintiff fails to demonstrate a liberty interest under *Sandin*.

Plaintiff's remaining objections essentially reargue the applicable law. The Court has carefully reviewed each of Plaintiff's arguments and finds no error in the Magistrate Judge's reasoning. The Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

For the same reasons, the Court will deny Plaintiff's motion to alter judgment. Because no judgment previously was entered in this matter, Plaintiff's motion to alter judgment is, in essence, a supplemental objection to the Report and Recommendation. Construing it as such, the Court denies the motion.

Finally, Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05

(6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. The Court finds no circumstances exist warranting appointment of counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #7) to the Report and Recommendation of the Magistrate Judge and his motion to alter judgment (docket #8) are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date: January 8, 2007

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE